IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DEYLOI CARRILLO GONZALEZ,

Petitioner,

vs.

DES MOINES POLICE DEPARTMENT and JOSEPH KETTMAN, Officer, Badge #5271,

Respondents.

8:26-CV-678

ORDER

The petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. He alleges that the immigration judge in his case denied him bond because of an unjust conviction for DUI. Filing 1 at 2-4. The Court will deny the petition because none of the petitioner's claims can be remedied by habeas corpus.

First, the petitioner asserts that the Iowa police officer who arrested him did so on mistaken facts, and the police withheld evidence that would have shown him innocent of DUI. Filing 1 at 4-6. But generally speaking, an unlawful arrest isn't a get-out-of-jail-free card if a lawful basis to detain someone is subsequently established. *Cf. Mastrian v. McManus*, 554 F.2d 813, 820 (8th Cir. 1977); *McDonald v. Arkansas*, 501 F.2d 385, 388 (8th Cir. 1974). The Supreme Court has explained, in the context of a habeas challenge to immigration detention, that

> [i]rregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later

> proceedings in all respects conformable to law. A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.

*U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (quotations omitted).

To the extent that the petitioner is claiming that his civil rights were violated by Iowa police, a writ of habeas corpus in not a proper remedy. *Hanslick Moran v. Warden, Ste. Genevieve Cnty. Det. Ctr.*, No. 1:26-CV-83, 2026 WL 1693766, at *2 (E.D. Mo. June 11, 2026) (citing *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)). Such a claim must instead be brought as a civil rights claim pursuant to 42 U.S.C. § 1983. Similarly, to the extent that the petitioner is collaterally attacking the immigration judge's decision to deny him bond, this Court has no jurisdiction to review the immigration judge's decision. *See Gvritishvili v. Mullin*, No. 4:26-CV-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026). The petitioner's remedy is with the Board of Immigration Appeals, not this Court. And finally, this Court lacks jurisdiction over the petitioner's claim that he will be in danger if removed to Guatemala. *See* filing 1 at 6. To the extent that the petitioner is asking the Court to reopen his removal proceedings or stay his removal, those claims must be exhausted before the administrative agency and then taken, if necessary, to the appropriate Court of Appeals. *See Mata v. Lynch*, 576 U.S. 143 (2015).

IT IS ORDERED:

1. The petitioner for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 4th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge